IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

HENRY LEE CRAIG, #76582                                                                 PLAINTIFF

v.                                                              CAUSE NO. 1:16-cv-372-LG-RHW

REUBEN FOUNTAIN and
MIKE EZELL                                                                              DEFENDANTS

MEMORANDUM OPINION AND ORDER
DISMISSING PLAINTIFF'S COMPLAINT

This cause is before the Court, *sua sponte*, for consideration of dismissal. Plaintiff Henry Lee Craig, an inmate of the Mississippi Department of Corrections, brings this *pro se* Complaint pursuant to 42 U.S.C. § 1983. Craig is proceeding *in forma pauperis*. *See* Order [10]. The named Defendants are: Reuben Fountain, Jackson County Sheriff's Deputy; and Mike Ezell, former Sheriff of Jackson County, Mississippi. The Court, having liberally construed Craig's Complaint [1] and Amended Complaint [7] in consideration with the applicable law, finds that this case should be dismissed.

I.    Facts and Procedural History

In 2011, Craig was convicted of murder in the Jackson County Circuit Court and sentenced to life imprisonment. *Craig v. State*, 110 So. 3d 807, 808 (Miss. Ct. App. 2012). Craig's conviction arises from a shooting that occurred in the Barnett Street area of Moss Point, Mississippi, in May of 2009. *Id*. Fountain was present in the area and testified as a witness at Craig's trial. *Id*. at 808-09. "However, Fountain did not provide the police with an eyewitness statement until over a year

after [the victim] was killed." *Id*. at 809.  According to Craig, Defendant Fountain, acting as a deputy sheriff, "fail[ed] to uphold his official duty [on] May 30, 2009 by . . . concealing evidence of a crime" and by his "failure to report evidence of a crime to his supervisor."  Compl. [1] at 4.  Plaintiff fails to assert any allegations against Defendant Ezell in his Complaint or Amended Complaint.

Craig brings this Complaint on forms available for prisoners suing under 42 U.S.C. § 1983 and also cites to "U.S.C. §1986" in the body of his Complaint.  Compl. [1] at 4.  Craig seeks "compensatory relief, punitive relief, injunctive relief," attorney's fees, and "whatever [ ] relief this Court deems necessary and appropriate."  *Id.*;  Am. Compl. [7] at 5 (CM/ECF pagination).[1]

II.     Analysis

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoner proceedings *in forma pauperis,* and provides that "the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  Since Craig is proceeding *in forma pauperis*, his Complaint is subject to the

---

[1]In addition to this case, Craig has filed eight other Complaints in this Court against various individuals involved in his criminal case from witnesses and jurors to law enforcement officers,  attorneys, and judges.  *See Craig v. Ishee*, cause no. 3:16-cv-804; *Craig v. Gore*, cause no. 3:16-cv-805;  *Craig v. Holmes*, cause no. 3:16-cv-806;  *Craig v. Lorraine*, cause no. 1:16-cv-373;  *Craig v. Lawrence*, cause no. 1:16-cv-375;  *Craig v. Taylor*, cause no. 1:16-cv-377;  *Craig v. Taylor*, cause no. 1:16-cv-407;  and *Craig v. King*, cause no. 1:16-cv-421.

case-screening procedures set forth in 28 U.S.C. § 1915 (e)(2). Having completed that screening, it is apparent that Craig's claims are barred by absolute witness immunity, the applicable statute of limitations, and by *Heck v. Humphrey*, 512 U.S. 477 (1994).

    A.    Witness Immunity

"Absolute immunity is immunity from suit rather than simply a defense against liability, and is a threshold question 'to be resolved as early in the proceedings as possible.'" *Hulsey v. Owens*, 63 F.3d 654, 356 (5th Cir. 1995) (quoting *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994)). Witnesses in grand jury proceedings and criminal trials are entitled to absolute immunity against § 1983 suits. *Rehberg v. Paulk*, 132 S.Ct. 1497, 1506 (2012). Insofar as Craig claims his rights were violated by Fountain's testimony during his criminal proceedings, Craig's claims are barred by absolute immunity. *Id.* at 1506-07; *see also Mowbray v. Cameron Cnty., Tex.*, 274 F.3d 269, 277-78 (5th Cir. 2001) (finding absolute witness immunity bars § 1983 suits for conspiracy to commit perjury).

    B.    Statute of Limitations

"A district court 'may raise the defense of limitations *sua sponte* . . . [and] [d]ismissal is appropriate if it is clear from the face of the complaint that the claims asserted are barred by the applicable statute of limitations.'" *Stanley v. Foster*, 464 F.3d 565, 568 (5th Cir. 2006) (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999)). Since there is no federal statute of limitations for civil rights actions

brought pursuant to 42 U.S.C. § 1983, a federal court must borrow the forum state's general personal injury limitations period. *See Owens v. Okure*, 488 U.S. 235, 240 (1989); *see also Mitchell v. Crescent River Port Pilots Ass'n*, 265 F. App'x 363, 367, 367 n.3 (5th Cir. 2008) (citations omitted) (holding state's personal injury limitation period applies to claims under §1983, but noting that § 1986 specifically includes a one-year statute of limitations). The applicable Mississippi statute of limitations period is three years. *See James v. Sadler*, 909 F.2d 834, 836 (5th Cir. 1990) (holding Mississippi's three-year general personal injury limitations period applicable to § 1983 cases); *see also* Miss. Code Ann. § 15-1-49 (1972), as amended.

While Mississippi law governs the applicable limitations period, "the accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). As such, an action accrues when a plaintiff has "a complete and present cause of action." *Id.* As noted by the Fifth Circuit:

> Under federal law, the [limitations] period begins to run the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured. A plaintiff's awareness encompasses two elements: (1) the existence of the injury; and (2) causation, that is, the connection between the injury and the defendant's actions. A plaintiff need not know that she has a legal cause of action; she need know only the facts that would ultimately support a claim. Actual knowledge is not required if the circumstances would lead a reasonable person to investigate further.

*Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001) (internal quotation marks and citations omitted); *see also Walker v. Epps*, 550 F.3d 407, 414 (5th Cir.

4

2008) (citing *Piotrowski*).

Craig filed this lawsuit in October 2016. His claims are premised on the inadequacies of his criminal conviction, including Fountain's alleged "failure to uphold his official dut[ies] [on] May 30, 2009." Comp. [1] at 4. Craig specifically represents the date of May 30, 2009, for Fountain's purported conduct or lack thereof, causing his injury. *Id.*; Am. Compl. [7] at 3 (CM/ECF pagination). Furthermore, any witness statements or trial testimony provided by Fountain occurred prior to Craig's conviction in 2011. Craig's claims accrued more than three years prior to Craig filing the present action in October 2016, and are therefore time-barred.

    C.    *Heck v. Humphrey*

Craig's claims regarding the validity of his criminal conviction are also subject to dismissal under *Heck v. Humphrey*. *See* 512 U.S. 477 (1994). Under *Heck*, where a claim for damages would "necessarily imply" the invalidity of a conviction, such a claim is not cognizable unless and until the plaintiff obtains a favorable resolution of a challenge to his conviction. *Id.* at 487.

If the Court were to find in Craig's favor and determine that his criminal conviction is unconstitutional, it would necessarily imply the invalidity of his current term of imprisonment. Craig fails to demonstrate that his criminal conviction has been invalidated by any of the means set forth in *Heck*.[2] Therefore,

---

[2] Craig is currently litigating a habeas corpus petition pursuant to 28 U.S.C. § 2254 in this Court. *See Craig v. MDOC*, cause no. 1:16-cv-371-LG-FKB (S.D. Miss.).

Craig's claims that necessarily imply the invalidity of his imprisonment are barred by *Heck*. *Id., see also Amaker v. Weiner*, 179 F.3d 48, 51 (2d Cir. 1999) (holding *Heck* also applies to claims under § 1986).

D. Habeas Corpus

To the extent Craig now seeks injunctive relief invalidating his conviction and releasing him from incarceration, he must pursue such relief through a petition for writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). As footnoted above, Craig is currently litigating a habeas corpus case in this Court. Any habeas claims Craig may be asserting in this civil action are dismissed without prejudice to Craig's pursuit of these claims in his pending habeas corpus case.

III. Conclusion

Having considered the pleadings and applicable law, the Court dismisses this civil action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i). As noted, Fountain is entitled to absolute immunity for his witness testimony, Craig's claims are barred by the statute of limitations and violate *Heck*. *See Bates v. Price*, 368 F. App'x 594, 595 (5th Cir. 2010) (finding prisoner case barred by statute of limitations and dismissed as frivolous counts as a "strike" under § 1915(g)); *Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996) (finding *Heck*-barred claims are legally frivolous); *Boyd*, 31 F.3d at 285 (affirming frivolous dismissal of § 1983 claim based on absolute immunity).

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that this case is

**DISMISSED WITH PREJUDICE** as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). This dismissal will count as a "strike" in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED AND ADJUDGED** that any habeas corpus claims asserted in this civil action are **DISMISSED WITHOUT PREJUDICE** to Plaintiff's pursuit of these claims in his pending habeas corpus case, *Craig v. MDOC*, no. 1:16-cv-371-LG-FKB (S.D. Miss.).

A separate final judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 23rd day of January, 2017.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE